NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAJINDER SINGH,<br><br>               Petitioner,<br><br>  v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>               Respondent. | No.   16-71917<br><br>Agency No. A205-585-719<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 13, 2018
San Francisco, California

Before: FISHER and M. SMITH, Circuit Judges, and BUCKLO,[**] District Judge.

Tajinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an

immigration judge's denial of his applications for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT"). Our jurisdiction is

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

governed by 8 U.S.C. § 1252(a)(1). We review the BIA's factual findings for substantial evidence and its legal conclusions de novo. *Ali v. Holder*, 637 F.3d 1025, 1028-29 (9th Cir. 2011). For the following reasons, we grant in part and deny in part the petition for review.

We grant Singh's petition with respect to his asylum and withholding of removal claims because the BIA failed to conduct a sufficiently individualized analysis of Singh's ability to safely and reasonably relocate within India. *See* 8 C.F.R. §§ 1208.13(b)(3), 1208.16(b)(3). The BIA's relocation analysis focused on Singh's fear that, if he returned to India, the Punjabi police might locate him and subject him to further persecution because of his *past* political activities with the Shiromani Akali Dal Amritsar Party ("Mann Party") in Punjab. But in concentrating its analysis on Singh's past activities, the BIA overlooked another aspect of Singh's claim—specifically, that his intended *future* political activities with the Mann Party might expose him to harm in areas outside Punjab. Because the BIA failed to address Singh's fear that Congress Party members might persecute him for his continued political activism in other parts of India, its relocation analysis was inadequate. *See N. Singh v. Whitaker*, No. 16-70823, 2019 WL 310400, at *5 & n.2 (9th Cir. Jan. 24, 2019) (remanding asylum and withholding claims to the BIA to conduct an individualized analysis of petitioner's relocation prospects "in light of the persons and entities that caused [his] past

persecution" and his "stated intent" to continue his political activism wherever he relocates); *Knezevic v. Ashcroft*, 367 F.3d 1206, 1214-15 (9th Cir. 2004) (remanding the issue of reasonableness of relocation to the BIA because the agency failed to take into account several factors outlined in 8 C.F.R. § 1208.13(b)(3)). Accordingly, we remand Singh's asylum and withholding claims to be reevaluated in light of our decision in *N. Singh*, 2019 WL 310400.[1]

With respect to Singh's claim for CAT relief, however, we deny the petition for review. To qualify for CAT protection, Singh had to demonstrate that it was more likely than not that he would be tortured by or with the acquiescence of government officials if he returned to India. *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1282 (9th Cir. 2001); 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The BIA concluded that Singh did not carry his burden, and the record before us does not compel a contrary conclusion. *See Ahmed v. Keisler*, 504 F.3d 1183, 1200-01 (9th Cir. 2007) (evidence of petitioner being taken into custody and beaten on four separate occasions compelled conclusion that it was more likely than not that petitioner would be persecuted if removed to Bangladesh, but it did not compel a conclusion that he would be tortured). As the BIA's denial of CAT relief is supported by substantial evidence, Singh's petition for review on that basis is

---

[1]     We do not reach the other arguments Singh raises with respect to these claims.

denied.

**PETITION FOR REVIEW GRANTED AND REMANDED IN PART**

**AND DENIED IN PART.**  Each party shall bear its own costs on appeal.

16-71917